HEARD NOVEMBER TERM, 1878.

PLYER *vs.* PARKER.

A separate judgment in favor of one of several defendants may be rendered against the plaintiff for the recovery of money upon a counter claim showing a separate cause of action in favor of such defendant.

BEFORE MACKEY, J., AT LANCASTER, AUGUST TERM, 1877.

This was an action by Pleasant M. Plyer against L. A. Parker and Britton Parker on two sealed notes given by the defendants.

The defendant L. A. Parker pleaded a counter claim for money due to himself upon an account for agricultural supplies furnished by him to the plaintiff.

At the trial the plaintiff requested the Court to charge the jury "that they could not find a verdict in favor of defendants for any part of the counter claim. The request was denied.

The jury found the following verdict : " We find for the defendants $319.50."

His Honor made an order, which, reciting the facts of the case and stating that the amount found by the jury was due to the defendant L. A. Parker, directed that judgment be entered in his favor for said amount.

The plaintiff appealed on the ground that His Honor refused to charge the jury that they could not find a verdict in favor of the defendants for any part of the counter claim.

*Moore*, for appellant.

*Allison*, contra.

January 22, 1879.   The opinion of the Court was delivered by

HASKELL, A. J.   There appears to have been some misapprehension in the case as to whether the plaintiff has a right to appeal. Such question, however, was waived, and the case was heard upon the following ground of appeal : That the Circuit Judge erred in refusing to instruct the jury that they could not find a verdict in favor of the defendants for any part of the counter claim set up in the answer, for the reason that the action was against *more than one* defendant on a joint and several obligation, while the counter claim was a cause of action against the plaintiff in favor of only *one* of the defendants.   The Code of Procedure (§ 173, Rev. Stat., 606,) directs that " the counter claim "   *   *   *   must be one existing "in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action."   It is not disputed that the claim set up in the answer is within the statutory definition of a counter claim, and it is "in favor of a defendant and against a plaintiff;"   but the question is whether *between them*, the said single defendant and the plaintiff, " a several judgment might be had *in the action.*"   Section 298 of the Code, Revised Statutes, page 639, that "judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants," is very comprehensive and permits a judgment severally to be given between any two or more parties in a suit whenever a distinct, sepa-

rate and complete cause of action between them has been *established.* There can be no question, therefore, that whenever the cause of action is several or severable in its nature judgments can be rendered severably. The test is, would the plaintiff, or some of the plaintiffs, demanding judgments severally against the defendant, or against some of several defendants, have been entitled to judgment had the action been brought separately by the party or parties demanding judgment against the party or parties defendant against whom severably the judgment is demanded? Whenever such right to judgment in a separate action is shown, it entitles the parties to a several judgment in an action where they have been combined with others and in which they have set up this right. The same test applies in the case of counter claim, and the same rule fixes the relation between the parties. The plaintiff or plaintiffs against whom the claim is set up must be such as would be entitled to seek a several judgment against the defendant or defendants setting up the claim, and the said defendants must show a cause of action which would entitle them to a several judgment against the plaintiff or plaintiffs against whom the claim is presented. For in pleading the counter claim the defendant becomes the actor and is governed by the same rules which would apply were he the plaintiff in a separate action on the cause set up by him in the defense. The action could have been brought on the joint and several note against L. A. Parker alone, or a several judgment could have been obtained against him. He, therefore, had a right to set up a separate cause of action held by himself against the plaintiff.

In the case of *Byrd* vs. *Charles*, (3 S. C., 352,) relied on by the appellant, the circumstances were entirely different. The counter claim was a cause of action held by the defendant against a late partnership concern of which the plaintiff had been a member, but neither the partnership nor its members were parties in the action. The defendant thus undertook to bring an action without there being proper parties, and, therefore, the counter claim was properly rejected. "Nothing can be more firmly settled than the general rule that, in the absence of a statutory provision to the contrary, where an action is brought by a partnership on a claim due the firm, no demand in favor of the defendant against one or more of its members can be used as a counter claim."—Pomeroy on Rem., 756. The same rule, for the same reason, applies when a member

of a firm is plaintiff and the claim set up by the defense is against the partnership concern, which was the case in *Byrd* vs. *Charles*.

The judgment of the Circuit Court is affirmed.

Motion refused.

*Willard*, C. J., and *McIver*, A. J., concurred.